IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANICE LYNN KING,                       )
                                        )
              Plaintiff,                )
                                        )
v.                                      )   Case No. 09-4117-JAR
                                        )
STATE OF KANSAS, et al.,                )
                                        )
              Defendants.               )

# ORDER

This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on pro se plaintiff Janice Lynn King's "Motion To Recuse Any And All Judges That Are Now or Have Ever Been Kansas Bar Members" **(doc. 6)**. The court construes this as a motion for the undersigned to recuse from this case, as he has been a member of the Kansas Bar Association continuously since 1983. For the reasons stated below, plaintiff's motion is denied.

28 U.S.C. § 455(a) & (b)(1) provides that a judge must disqualify himself if "his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." The broader of the two sub-divisions, § 455(a), is designed to prevent even the appearance of partiality.[1] Therefore, the judge must recuse himself where there is

---

[1] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *Harris v. Champion*, 15 F.3d 1538, 1571 (10th Cir. 1994).

the appearance of bias, regardless of whether any actual bias exists.[2]  "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[3]

Yet a judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[4]  Thus, he has a duty to sit when there is no legitimate reason for him to recuse himself.[5]  Courts must exercise great care in considering motions for recusal in order to discourage their use for judge shopping or delay.[6]

In the instant motion, plaintiff argues that any judge who is now or has ever been a

---

[2] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002); *see also Liteky v. United States*, 510 U.S. 540, 548 (1994) ("[W]hat matters is not the reality of bias or prejudice but its appearance.").

[3] *Bryce*, 289 F.3d at 659 (quotation omitted); *accord David v. City & County of Denver*, 101 F.3d 1344, 1350 (10th Cir. 1996); *see also United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000) ("A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality.").

[4] *David*, 101 F.3d at 1351 (quotation omitted); *accord Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995).

[5] *Bryce*, 289 F.3d at 659; *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

[6] *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device); *see also, e.g.*, *In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) ("[T]he disqualification decision must reflect . . . the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."); *In re Nat'l Union Fire Ins. Co.*, 839 F.2d 1226, 1229 (7th Cir. 1988) ("Judges have an obligation to litigants and their colleagues not to remove themselves needlessly . . . because a change of umpire in mid-contest may require a great deal of work to be redone . . . and facilitate judge-shopping.").

member of the Kansas Bar Association, a defendant in this action, should recuse "to avoid any appearances of conflict of interests."[7]  Plaintiff suggests no other reasons for recusal.

The undersigned's bar membership does not require his recusal.  Although the Tenth Circuit has not addressed this issue, other circuit courts unanimously hold that a judge's membership in a bar association named as a defendant in a lawsuit does not require the judge's recusal from the suit.[8]  Plaintiff has cited no authority to the contrary.

The Supreme Court has explained that a judge should recuse himself only if a reasonable person would believe that the judge has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible."[9]  The court finds that no reasonable person would believe that the undersigned's membership in the Kansas Bar

---

[7] Doc. 6.

[8] *See, e.g, Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) ("The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association."), *cert. denied*, 113 S.Ct. 1351 (1993); *Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1262 (3rd Cir. 1977) (concluding that membership in the American Bar Association is not a financial interest that requires the disqualification of a judge where the association is a party); *Parrish v. Bd. of Comm'r of Ala. State Bar*, 524 F.2d 98, 104 (5th Cir. 1975) (holding that the mere membership in a mandatory state bar association is not a ground for disqualification from presiding over a case); *Foster v. Capshaw*, 72 Fed. App'x 192, 192 (5th Cir. 2003) ("A district judge, however, does not have a substantial interest in the success of a suit simply because of his identification with a defendant bar association."); *Peiffer v. Norbald*, 89 F.3d 846, at *1 (9th Cir. 1996) (table decision) ("The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association." (citation omitted)); *see also Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 57–58 (8th Cir. 1976).

[9] *Liteky*, 510 U.S. at 555; *accord Pearson*, 208 F.3d at 1277; *United States v. Deters*, 184 F.3d 1253, 1256 (10th Cir. 1999).

Association implicates the level of "deep-seated favoritism or antagonism" that would make recusal proper. The Kansas Bas Association has over 6,900 current members,[10] and the undersigned has no interest, pecuniary or otherwise, in its success in this litigation. Further, the undersigned has no personal bias or prejudice against plaintiff. The undersigned therefore has a duty to sit and hear this case because there in no legitimate reason for recusal.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion for recusal **(doc. 6)** is denied. The denial of this motion is without prejudice to plaintiff filing another motion for recusal by the presiding U.S. District Judge Julie A. Robinson, provided that plaintiff cite appropriate legal authority therein.

2. Copies of this order shall be served on the pro se plaintiff by regular and certified mail.

IT IS SO ORDERED.

Dated this 9th day of September, 2009, at Kansas City, Kansas.

                                         s/James P. O'Hara
                                         James P. O'Hara
                                         U. S. Magistrate Judge

---

[10] http://www.ksbar.org/public/kba/about_us.shtml (last visited September 9, 2009).