IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANICE LYNN KING, )
)
                **Plaintiff,** )
v. )   Case No. 09-4117-JAR
)
)
STATE OF KANSAS, *et al.*, )
)
                **Defendants.** )
)

## MEMORANDUM AND ORDER

Plaintiff Janice Lynn King, proceeding *pro se*, brings this action against the State of Kansas (the "State") and the Kansas Bar Association ("KBA") pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that state officials retaliated and conspired against her for acting as a process server for David Martin Price. This matter is before the Court on the State's to Dismiss (Doc. 40) and the KBA's Motion for Judgment on the Pleadings (Doc. 55). Plaintiff has moved to strike the State's surreply (Doc. 48) as well as for leave to file a surreply with respect to the KBA's motion (Doc. 61), and has requested injunctive relief (Doc. 63). For the reasons explained in detail below, the Court grants defendants' motions to dismiss, grants plaintiff's motion to file surreply, and denies plaintiff's request for injunctive relief.

**I.    Standards**

*Rule 12(b)(1)*

There are two statutory bases for federal subject matter jurisdiction. First, under 28 U.S.C. § 1332, federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in

controversy exist. Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[1]

The Tenth Circuit has commented on the limited jurisdiction of the federal courts and summarized the duties of the district court in considering whether it has jurisdiction to consider a case:

> The Federal Rules of Civil Procedures [sic] direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.". . . Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." . . . Nor may lack of jurisdiction be waived or jurisdiction be conferred by "consent, inaction or stipulation." Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.[2]

Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[3] Mere allegations of jurisdiction is not enough.[4]

***Rule 12(c)***

The court must review a Rule 12(c) motion under the same standard that governs a Rule

---

[1] 28 U.S.C. § 1367.

[2] *Penteco Corp. v. Union Gas Sys.,* 929 F.2d 1519, 1521 (10th Cir. 1991) (citations and quotations omitted).

[3] *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[4] *Id.* at 798.

12(b)(6) motion.[5] To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[6] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[7] The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[8] As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9] Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [10]

Because the plaintiff is a *pro se* litigant, the court must construe her pleadings liberally

---

[5]*Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("[w]e review a dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal.") (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000)).

[6]*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[7]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[9]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949(2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[10]*Id.*

3

and apply a less stringent standard than that which is applicable to attorneys.[11] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[13] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[14]

## II. Plaintiff's Complaint

The following facts are alleged in plaintiff's Complaint and the Court draws all reasonable factual inferences in plaintiff's favor. The genesis of this lawsuit arose out of events occurring in her divorce and child custody proceedings pending in the District Court of Shawnee County, Kansas. Plaintiff became a "person of interest to the [S]tate" in May 2000 when she became affiliated with non-party David Martin Price ("Price"). Although plaintiff does not elaborate on the nature of her association with Price in her Complaint, the Court takes judicial notice[15] that Price was the subject of a quo warranto action wherein the Kansas Supreme Court enjoined him from the unauthorized practice of law.[16] Plaintiff asserts that after she served

---

[11] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[12] *Id.*

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[14] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[15] *See* Fed. R. Evid. 201(b) (judicially noticed fact must be one not subject to reasonable dispute in that it is either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).

[16] *See State ex rel. Morrison v. Price*, 172 P.3d 561, 569 (Kan. 2007). Plaintiff was also a named party in that action.

process for Price in *Price v. Cochran*, No. 00-2193-GTV, she was targeted and discriminated against by various individuals in various court proceedings. Specifically, plaintiff alleges that various Shawnee County District Court Case Managers made adverse recommendations concerning child custody and support; various state court judges issued adverse orders on child support and custody; a Shawnee County District Court Administrative Hearing Officer issued an adverse order on child support; a state District Court Judge presided over a limited actions motion docket and made rulings adverse to plaintiff; and that various lawyers participated in court proceedings and collection actions adverse to plaintiff. Plaintiff states that the KBA "is a private group to which the state cannot have a genuine interest in, yet the members of the bar control the state by and through its agencies, officers and the courts." Twenty-one individuals and entities, including district court judges and a child support enforcement agency, were incorrectly listed on the docket sheet and served with summonses; the only defendants in this case are the State and the KBA.[17]

Plaintiff asserts that her due process rights have been violated through the selective enforcement of child support in her domestic proceedings, which took place in state court houses, under the color of law. Plaintiff asserts that the State has targeted and harassed her by and through its agencies in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth and Fourteenth Amendment. Plaintiff requests $25,000,000 in restitution against the State and KBA, their actors and agents that participated directly or indirectly in the deprivation of her rights. Plaintiff also seeks injunctive relief (Doc. 63) to enjoin enforcement of her child support obligations.

---

[17](Doc. 37.)

**III.   Discussion**

    **A.   Request for Injunctive Relief**

Plaintiff requests injunctive relief relating to conduct of Amy Raymond, an attorney representing the Kansas Department of Social and Rehabilitative Services in connection with plaintiff's apparent failure to comply with child support obligations imposed by an order of the District Court of Shawnee County, Kansas. Plaintiff asserts that Raymond is subject to the control of the KBA because she is purportedly a member of that association.

A preliminary injunction is an extraordinary remedy that is granted as the exception rather than the rule.[18] The primary purpose of a preliminary injunction is to preserve the status quo pending a trial on the merits in order that the trial court can then render a meaningful decision.[19] To obtain a preliminary injunction, the moving party must show a clear and unequivocal right to relief.[20] The moving party must establish the following elements to obtain relief:

> (1) a substantial likelihood of success on the merits; (2) a showing of irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.[21]

In cases where the movant has prevailed on the other factors, the Tenth Circuit generally uses a liberal standard for "probability of success on the merits," so the moving party need only

---

[18]*Hill's Pet Nutrition, Inc. v. Nutro Prods., Inc.*, 258 F. Supp. 2d 1197, 1204 (D. Kan. 2003) (citation omitted).

[19]*Id.*

[20]*SCFC ILC, Inc., v. Visa USA*, 936 F.2d 1096, 1098 (10th Cir. 1991).

[21]*Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

6

raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation."[22]

Plaintiff has not proffered any argument or evidence that she is substantially likely to succeed on her claim, other than to make conclusory allegations that defendants violated her rights. Plaintiff continues to ask this Court to assert jurisdiction over the state domestic relations proceedings. Plaintiff has attempted to remove her state custody proceedings to this Court several times, without success.[23] "It is well-established that federal courts lack jurisdiction over the whole subject of domestic relations of husband and wife and parent and child."[24] Plaintiff's motion is denied.

### B. Eleventh Amendment Immunity

As a preliminary matter, the Court finds that plaintiff's motion to strike the State's "surreply" is misplaced. The State's response is a reply permitted by court rules, not a surreply, and thus plaintiff's motion is denied.[25]

Plaintiff seeks money damages from the State pursuant to 42 U.S.C. §§ 1983 and 1985. The State of Kansas is entitled to absolute immunity under the Eleventh Amendment. The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed

---

[22]*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980) (internal quotations omitted).

[23]*See Kan. Dept. of Child Support Enforcement v. King*, No. 09-4109-JAR, 2009 WL 2485361 (D. Kan. Aug. 12, 2009) (remanding plaintiff's child support proceedings to state court for lack of jurisdiction); *King v. Ziegler*, No. 04-4158-SAC, 2004 WL 3037968 (D. Kan. Dec. 16, 2004) (remanding custody and support proceedings to state court, holding that the federal court lacked jurisdiction over plaintiff's divorce action, and awarding attorneys fees), *aff'd in part, appeal dismissed in part by King v. Ziegler*, 138 F. App'x 60 (10th Cir. 2005).

[24]*Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).

[25]*See* D. Kan. Rule 7.1(c).

to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[26] The Supreme Court has repeatedly explained that the amendment confirms the historically-rooted understanding of sovereign immunity, which is that federal jurisdiction over suits against unconsenting states—even by its own citizens—"was not contemplated by the Constitution."[27]

It is settled law that under the Eleventh Amendment, states are immune from suit unless (1) the state consents to suit, or (2) Congress validly abrogates the states' immunity.[28] The State does not consent to suit under this statute, and Congress may not abrogate state immunity for 42 U.S.C. §§ 1983 or 1985 claims under its Fourteenth Amendment authority.[29] Moreover, a state is not a "person" for purposes of § 1983.[30] As a result, the Eleventh Amendment bars plaintiff's claims against the State.

### B. Motion to Dismiss

***Section 1983***

To state a cause of action under § 1983 for an alleged constitutional violation, the

---

[26] U.S. CONST. amend. XI.

[27] *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).

[28] *Id.* at 54-55; *Nelson v. Geringer*, 295 F.3d 1082, 1096 (10th Cir. 2002).

[29] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63 (1989); *Nelson*, 295 F.3d at 1096 (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

[30] *Will*, 491 U.S. at 64-67; *accord Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001); *McLaughlin v. Bd. of Trustees of State Coll. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Ellis v. Univ. of Kan. Med.* Center, 163 F.3d 1186, 1196 (10th Cir. 1998); *see also Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) (explaining that a state or state agency is not a person under § 1983 except to the extent that the plaintiff sues for prospective injunctive relief only).

challenged conduct must constitute state action.[31] Here, plaintiff admits in her complaint that the KBA is a private group and asserts no allegation that it took any action under color of state law. In the context of a § 1983 claim, the conduct of a private individual may constitute state action if it is "fairly attributable to the state."[32] A private individual's conduct is fairly attributable to the state if two conditions are met: "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Second, the private party must have acted together with or . . . obligated significant aid from state officials or engaged in conduct otherwise chargeable to the State."[33]

Construing the Complaint in the light most favorable to plaintiff, her alleged deprivation is that she was targeted by members of the KBA in her protracted divorce and child custody matters because of her affiliation with Price. The fact that a private attorney representing his or her client uses the judicial system does not render the actions of a private individual "state actions" for purposes of § 1983.[34] In this case, the actions taken by individual attorneys in plaintiff's domestic proceedings are actions taken on behalf of their clients, not the KBA. In short, plaintiff has not alleged a sufficient basis for the Court to conclude that these lawyers were

---

[31]*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930-32 (1982); *Pino v. Higgs*, 75 F.3d 1461, 1464 (10th Cir. 1996).

[32]*Pino*, 75 F.3d at 1465.

[33]*Id*. (citations omitted).

[34]*Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983) (stating "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner. . . , the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983"); *Pino*, 75 F.3d at 1465-66 (holding that a private therapist did not exercise "some right or privilege" or act under a "rule of conduct" created by state law when she made a report "of noncriminal activities requiring a response from state officials.").

state actors or acting under color of state law and, as such, plaintiff's claims against the KBA must fail.

### *Section 1985*

Plaintiff alleges that defendants engaged in a conspiracy to violate her civil rights. To establish a violation of § 1985(3), a plaintiff must allege and prove a conspiracy for the purpose of depriving him of the equal protection of the laws or of equal privileges and immunities under the laws.[35] She must also show an act in furtherance of the conspiracy that causes injury or deprives a person of a right or privilege of citizenship.[36] In addition, the United States Supreme Court has stated that a violation of § 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action."[37] The Tenth Circuit has discussed the essential elements for a claim under § 1985(3) as follows:

> The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. *Griffin*, 403 U.S. at 102-03. The evolving law has clarified these elements. Firstly, a valid claim must, of course, involve a conspiracy. Secondly, however, § 1985(3) does not "apply to all tortious, conspiratorial interferences with the rights of others," but rather, only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin*, 403 U.S. at 101-02. The other "class-based animus" language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias. *United Bhd. of Carpenters & Joiners of America Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 837 (1983). In fact, the Supreme Court has held that "it is a close question whether § 1985(3) was intended to

---

[35]*United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983).

[36]*Id.* at 829.

[37]*Id.* at 834 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

reach any class-based animus other than animus against Negroes and those who championed their cause."§ *Id*. at 836.[38]

Here, plaintiff asserts that she has been targeted because she assisted Price by serving process in a lawsuit that he filed. Although she complains of "selective enforcement" of the law and a "continuation of targeting and harassing," she does not assert any racial discrimination or discrimination based upon being part of any suspect class. Nor does she assert any conspiracy to deprive an entire class of individuals of their constitutional rights. Instead, the Complaint asserts that the motivation for any harassment of plaintiff was her association with Price. Plaintiff argues that she was harassed because she is a non-professional performing acts traditionally performed by a lawyer. Such allegations are insufficient grounds to establish a claim under § 1985(3).[39]

Moreover, assuming there was a state action, plaintiff has not alleged any acts of the various members of the Bar were done on behalf of or at the direction of the KBA. Without any evidence of an agency relationship between the attorneys and the KBA in connection with the acts of the attorneys about which plaintiff complains, the KBA cannot be held liable. Plaintiff appears to confuse admission to the Bar with membership in the KBA, neither of which is sufficient to establish liability. Accordingly, the KBA is entitled to judgment on plaintiff's claims as a matter of law.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Strike

---

[38] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied*, 510 U.S. 1093 (1994).

[39] Although plaintiff does not specify on which section of § 1985 she bases her claim, her Complaint does not state a cognizable claim under § 1985(2), which prevents interference with the administration of justice in federal and state courts. Section 1985(2) contains equal protection language identical to the language of § 1985(3), and thus also require evidence of a racial or class-based animus. *See* 42 U.S.C. § 1985(2).

Surreply (Doc. 48) is DENIED; her Motion to File Surreply (Doc. 61) is GRANTED; and her Request for Injunctive Relief (Doc. 63) is DENIED;

**IT IS FURTHER ORDERED BY THE COURT** that the State of Kansas's Motion to Dismiss (Doc. 40) and the Kansas Bar Association's Motion for Judgment on the Pleadings (Doc. 55) are GRANTED. The State's Motion to Strike Surreply (Doc. 60) is denied as moot.

**IT IS SO ORDERED.**

Dated: August 30, 2010

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE