lml

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|                                      |     |                          |
| ------------------------------------ | --- | ------------------------ |
| **JANICE LYNN KING,**                | )   |                          |
|                                      | )   |                          |
| **Plaintiff,**                       | )   |                          |
| **v.**                               | )   | **Case No. 09-4117-JAR** |
|                                      | )   |                          |
|                                      | )   |                          |
| **STATE OF KANSAS,** *et al.*,       | )   |                          |
|                                      | )   |                          |
| **Defendants.**                      | )   |                          |
|                                      | )   |                          |

**MEMORANDUM AND ORDER
DENYING PLAINTIFF'S MOTION TO STRIKE**

On August 30, 2010, this Court entered an Order granting defendants' Motion to Dismiss

and Motion for Judgment on the Pleadings and dismissing the case (Doc. 67). This matter is

before the Court on plaintiff's Motion to Strike Memorandum and Order of the Honorable Julie

A. Robinson (Doc. 70). Plaintiff's motion is denied.

First, under Fed. R. Civ. P. 12(f), a court "may strike from a pleading an insufficient

defense or any other redundant, immaterial, impertinent, or scandalous matter [upon a ] motion

made by a party." Plaintiff's motion to strike is not directed at a pleading, but the Court's

Memorandum and Order, and is misplaced. Even if the Court liberally construes plaintiff's

motion as one brought under Rule 59(e) to alter or amend the judgment,[1] such a motion may be

granted only if the moving party can establish: (1) an intervening change in the controlling law;

(2) the availability of new evidence that could not have been obtained previously through the

---

[1]*See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (construing motion filed within ten days of dispositive order as a motion to alter or amend judgment under rule 59(e)).

exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2]

Such a motion does not permit a losing party to rehash arguments previously addressed or to

present new legal theories or facts that could have been raised earlier.[3]

Here, plaintiff argues that this Court failed to consider her "Motion to Recusal" (Doc. 6).

In fact, the motion was ruled upon by Magistrate Judge O'Hara (Doc. 7), who denied plaintiff's

request to recuse any and all judges who had or have been a member of the Kansas Bar

Association, a defendant in this action, without prejudice to file another motion against the

undersigned presiding judge in this matter. Such a motion was never filed, and plaintiff did not

object to Judge O'Hara's Order. To the extent plaintiff so moves at this time, the Court denies

her request for recusal for the reasons set forth in Judge O'Hara's well-reasoned Order, which it

adopts and incorporates herein.

Plaintiff also requests application of 28 U.S.C. § 2243, which concerns issuance of a writ

of habeas corpus for individuals in custody. Again, plaintiff's argument is misplaced as this is a

civil action and she is not in custody and does not qualify for habeas relief.

Finally, plaintiff requests "procedural assistance" from counsel to guide her "through the

procedural applications for the future of this matter." Plaintiff requests that her former counsel

in the state court proceedings, Craig E. Collins, be permitted to assist her "without fear of

repercussion or persecution." Plaintiff does not seek Collins' entry of appearance, but "only his

guidance through the procedural applications for the future of this matter." The Court is

unaware of any prohibition on plaintiff seeking counsel of an attorney licensed to practice law

---

[2]*Brumark Corp.v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[3]*Brown v. Presb. Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181
(1997).

for guidance and, as such, there is no relief for this Court to grant or deny.  To the extent plaintiff is requesting appointment of counsel, however, her request is denied.  There is no constitutional or statutory right to appointed counsel in a civil action.[4]  Before the court may appoint counsel, plaintiff must affirmatively show: (1) that she is financially unable to pay for counsel; (2) that she has diligently attempted to secure counsel; and (3) that her allegations are meritorious.[5] Plaintiff has not even attempted to make such a showing.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Strike (Doc. 70) is DENIED.

**IT IS SO ORDERED.**

Dated: <u>September 10, 2010</u>

 S/ Julie A. Robinson 
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[4]*Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[5]*Id*. at 1420.