lml
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANICE LYNN KING, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-4117-JAR |
| | ) |
| STATE OF KANSAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Janice Lynn King, proceeding *pro se*, brought this action against the State of Kansas (the "State") and the Kansas Bar Association ("KBA") pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that state officials retaliated and conspired against her for acting as a process server for David Martin Price. On August 30, 2011, this Court granted defendants' motions to dismiss and for judgment on the pleadings, respectively, on the grounds that her claims against the State were barred by the Eleventh Amendment, that lawyer members of the KBA were not state actors or acting under color of state law and that her allegations were insufficient to establish a claim of conspiracy to violate her civil rights (Doc. 67). Plaintiff appealed the Order to the Tenth Circuit Court of Appeals, but withdrew the appeal (Doc. 85). This matter is before the Court on plaintiff's Request to Reopen Action Under New Evidence and Extenuating Circumstances (Doc. 86).

Although plaintiff does not seek relief under any specific rule or statute, since her request was filed more than twenty-eight days but less than one year after the entry of judgment, the

Court will construe her motion as one filed under Fed. R. Civ. P. 60(b).[1] That rule provides, in relevant part, that "on motion and just terms" the court may relieve a party from a final judgment or order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b),"[2] and "for any other reason that justifies relief."[3] The Tenth Circuit has held that Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances."[4] A party who seeks relief under Rule 60(b) has a high hurdle to overcome because such a motion is not a substitute for an appeal.[5] Whether to grant Rule 60(b) relief lies within the "substantial discretion" of the district court.[6]

Plaintiff asserts that the Honorable Ronald D. Innes is no longer on the state court matter and that case manager David Claassen-Wilson was relieved of his duties as a result of Judge Innes's departure. Plaintiff argues that "the removal of both of these actors governed by both of the respondents is a clear admission of guilt on their parts," justifying reopening the case. The Court disagrees. Pursuant to Rule 60(b)(2), a party may be relieved from a final judgment or order based on newly discovered evidence if the following five requirements are satisfied:

> (1) the evidence was newly discovered since the trial; (2) the

---

[1]Fed. R. Civ. P. 59(e) requires a motion to alter or amend judgment to be filed within twenty-eight days after the entry of judgment. Rule 60(c)(1) requires a motion based on newly discovered evidence to be filed no more than one year after entry of judgment. The Court has ruled out the possibility of construing the motion pursuant to Rule 60(b)(1), (3), (4), or (5) because this case does not involve facts that would even arguably warrant relief under these subdivisions.

[2]Fed. R. Civ. P. 60(b)(2).

[3]Fed. R. Civ. P. 60(b)(6).

[4]*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

[5]*Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 (10th Cir. 2007).

[6]*Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

> moving party was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result.[7]

The attachments to plaintiff's motion simply state that Judge Innes's tenure as Senior Judge expired and her domestic proceedings in Shawnee County District Court would be reassigned to another judge,[8] and that case manager Claassen-Wilson no longer worked for Court services and her case was being reassigned to another case manager.[9] The letters do not suggest any wrongdoing by either Judge Innes or Claassen-Wilson. Plaintiff fails to explain how this "new evidence" is material or would have produced a different outcome with respect to the Court's determination that her claims against the State were barred by the Eleventh Amendment, that lawyer members of the KBA were not state actor or acting under color of state law and that her allegations were insufficient to establish a claim of conspiracy to violate her civil rights.

Nor is plaintiff entitled to relief under Rule 60(b)(6). This rule has been described by the Tenth Circuit as a "grand reservoir of equitable power to do justice in a particular case."[10] The court may grant a Rule 60(b)(6) motion "only in extraordinary circumstances and only when such action is necessary to accomplish justice."[11] Such extraordinary circumstances may exist, for example, when events not contemplated arise after entry of judgment and render enforcement

---

[7] *Zurich,* 426 F.3d at 1291 (quoting *Graham v. Wyeth Lab.*, 906 F.2d 1399, 1416 (10th Cir. 1990)).

[8] (Doc. 86-2.)

[9] (Doc. 86-1.)

[10] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996).

[11] *Id.*

of the judgment inequitable.[12] Plaintiff's attempt to characterize the presiding judge and case manager's departure from the case as an "admission of guilt" is belied by her attachments offered in support. Moreover, the fact that these individuals are no longer involved in plaintiff's state court domestic proceedings is of no consequence to these proceedings or the Court's decision to dismiss the case. No such extraordinary circumstances exist in this case, and plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Request to Reopen Action (Doc. 86) is DENIED.

**IT IS SO ORDERED.**

Dated: April 14, 2011

                                                         S/ Julie A. Robinson
                                                         JULIE A. ROBINSON
                                                         UNITED STATES DISTRICT JUDGE

---

[12] *Id.*